1  Samuel R. Randall (024517)
   RANDALL LAW PLLC
2  2729 N. 7th Street
   Phoenix, Arizona 85006
3  Telephone: (602) 328-0258
   srandall@randallslaw.com
4
   Attorney for Plaintiff
5

                    UNITED STATES DISTRICT COURT

                         DISTRICT OF ARIZONA

| Ramon Olivas, | No. |
|---|---|
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Unlimited Baking Ingredients, Inc.; Carlos Rodriguez; and Celia H. Rodriguez, | |
| Defendants. | |

Plaintiff Ramon Olivas ("Olivas") alleges the following against Defendants Unlimited Baking Ingredients, Inc. ("Unlimited Baking"), Carlos Rodriguez and Celia H. Rodriguez (collectively "Defendants"):

**PARTIES, JURISDICTION AND VENUE**

1. This is an overtime case pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Olivas is, and was at all relevant times, a citizen and resident of Phoenix, Maricopa County, Arizona.

3. Olivas worked for Unlimited Baking and/or the other Defendants in Phoenix, Arizona.

4. At all relevant times, Olivas was an "employee" of Unlimited Baking and/or the other Defendants within the meaning of 29 U.S.C. § 203(e)(1).

1

5. Defendants have unlawfully classified Olivas as an independent contractor.

6. Unlimited Baking is an Arizona corporation which is authorized to and does transact business in the State of Arizona, including in Maricopa County.

7. At all material times, Unlimited Baking was, and continues to be, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203.

8. At all relevant times, Defendant Celia Rodriguez, was and is the President and Director of Unlimited Baking.

9. Upon information and belief, Ms. Rodriguez is an owner of Unlimited Baking.

10. Ms. Rodriguez resides in Maricopa County, Arizona.

11. Ms. Rodriguez works at Unlimited Baking located at 54 N. 45th Avenue, Suite A, Phoenix, Arizona 85043.

12. At all relevant times, Ms. Rodriguez exercised direct and/or indirect supervisory authority over Olivas.

13. Ms. Rodriguez was directly involved in decisions affecting the terms and conditions of employment for Olivas including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

14. At all relevant times, Ms. Rodriguez was Olivas' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, Defendant Carlos Rodriguez, was and is the manager of Unlimited Baking.

16. Upon information and belief, Mr. Rodriguez is an owner of Unlimited Baking.

17. Mr. Rodriguez resides in Maricopa County, Arizona.

18. Mr. Rodriguez works at Unlimited Baking located at 54 N. 45th Avenue, Suite A, Phoenix, Arizona 85043.

19. At all relevant times, Mr. Rodriguez exercised direct and/or indirect supervisory authority over Olivas.

20. Mr. Rodriguez was directly involved in decisions affecting the terms and conditions of employment for Olivas including, but not limited to, decisions regarding hours worked, wages paid, and deductions made to wages.

21. At all relevant times, Mr. Rodriguez was Olivas' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

22. This Court has jurisdiction over the subject matter and the parties pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

23. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants have caused events to occur in Arizona out of which Olivas' claims arise. The principal place of business for Defendant Unlimited Baking is Maricopa County, Arizona. The individual defendants both reside and work in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

**I. Defendants Classify Olivas as Independent Contractor but Treat Him as Employee**

24. Olivas began his employment with Defendants on approximately June 23, 2014.

25. Defendants controlled the majority, if not all, of Olivas' work for Defendants.

26. Olivas did not and could not exercise independent judgment regarding his work for Defendants.

27. Defendants controlled the method, manner and time that Olivas did his work.

28. Defendants controlled virtually every aspect of Olivas' performance of Defendants' work and the equipment that Olivas used for that work.

3

29. Defendants instructed Olivas when to be at the office, when he could leave, what deliveries and pickups to make, when to make the deliveries and pickups and how to make the deliveries and pickups.

30. Defendants also instructed Olivas how to perform other work when not making pickups and deliveries. Olivas' other duties including, but were not limited to, working in Unlimited Baking's warehouse cleaning, taking trash out, stocking product, loading and unloading trucks and shuttle vans and processing orders; assisting with local deliveries; running errands for Defendants locally in Unlimited Baking's pickup truck; traveling to and from California in Unlimited Baking's pickup truck to perform work for Defendants in California that included the same warehouse duties he would perform at the Arizona warehouse and also performing local deliveries either in a smaller truck or pickup truck and picking up product.

31. Olivas could not delegate his work to assistants, associates or others.

32. Olivas could not hire other assistants or associates to assist with his routes or deliveries.

33. Olivas reported to Defendants Celia and Carlos Rodriguez.

34. Defendants Celia and Carlos Rodriguez directed the daily activities of Olivas.

35. Defendants Celia and Carlos Rodriguez assigned all routes, deliveries, and pick-ups to Olivas.

36. In June 2014, Defendants Carlos and Celia Rodriguez promised Olivas that he would be classified as a "W-2 employee".

37. However, Defendants failed to keep their promise and classified Olivas as an independent contractor.

38. Olivas was hired to be a truck driver but he was also given many other tasks not affecting the safety of operation of a semi-truck.

39. Although Defendants classified Olivas as an independent contractor they treated him in all aspects like an employee except that in the amount and manner in which Olivas was paid for his work.

40. By misclassifying Olivas as an independent contractor, Defendants have engaged and continue to engage in a scheme to avoid worker's compensation and unemployment payments, social security, other payroll taxes owed by employers, and other benefits otherwise owed to employees.

41. Defendants attempted to avoid liability under wage protection statutes, federal labor laws, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, Americans with Disabilities Act, Americans with Disabilities Act Amendments Act and other statutes.

42. Defendants shifted the cost of their business expenses to their workers including Olivas.

43. Defendants are able to obtain a competitive advantage over competitor services that treat employees in compliance with the law.

44. As a result, Defendants' pay practices drive down wages and undercut fair labor practices across the industry. In addition, Defendants have been unjustly enriched by these practices.

45. Though Olivas was promised by Defendants that he would be paid $750 a week after deduction of taxes, he was only paid $750 per week without any taxes paid by Defendants.

46. Olivas was also promised by Defendants that after 3 months of employment he would receive a raise so that his pay would be $950 per week after deduction of taxes.

47. Defendants did not keep their promises and Olivas remained classified as an independent contractor getting paid a straight $750 per week with no deductions.

48.     Because Defendants wrongfully misclassified Olivas as an independent contractor and failed or refused to pay him compensation for hours worked in excess of 40 hours a week, Olivas resigned his position in November 2014.

## II.     Defendants Fail or Refuse to Pay Olivas Overtime in Violation of FLSA

49.     At all relevant times, Olivas worked for Defendants' benefit for periods of time without compensation as required by law, pursuant to Defendants' policies and standard practices.

50.     Unlimited Baking did not pay Olivas overtime compensation for hours worked for Unlimited Baking's benefit in excess of 40 hours in a workweek despite being legally obligated to do so.

51.     At all relevant times, Olivas regularly worked more than forty (40) hours in a workweek.

52.     At all relevant times, Olivas regularly worked on average 14 or more hours per day on weekdays and 12 or more hours on Saturdays for the benefit of Defendants for the majority of the weeks in which he performed services for Defendants.

53.     Most weeks, Olivas was required to work six days a week for Defendants' benefit.

54.     Most weeks, Olivas worked between 70 and 80 hours a week.

55.     Defendants failed to pay or refused to pay Olivas for overtime wages for all hours worked by Olivas in excess of forty hours in a week.

56.     By misclassifying Olivas as an independent contractor Defendants have failed or refused to pay overtime wages to Olivas for work in excess of 40 hours per week.

57.     Defendants violated the FLSA.

58.     Olivas is entitled to receive compensation at the rate of one and one-half his hourly rate for each hour worked in excess of forty hours per workweek.

59.     Defendants' violation of the FLSA were willful and accordingly, a three year statute of limitations applies, pursuant to 29 U.S.C. § 255.

60. Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA.

61. Olivas has been harmed and suffered damages by being denied overtime wages in accordance with the FLSA, plus incurred costs and reasonable attorney's fees.

62. As a result of Defendants' unlawful acts and violations of the FLSA, Olivas is entitled to recovery of overtime wages, liquidated damages in an amount equal to the wages he is owed as unpaid overtime, prejudgment interest, attorney's fees and costs.

WHEREFORE, Plaintiff Ramon Olivas prays for judgment in his favor and against Defendants Unlimited Baking Ingredients, Inc., Carlos Rodriguez and Celia Rodriguez, and asks the Court to:

    A.    Award Olivas back pay, pre-judgment and any other appropriate relief necessary to make Olivas whole and compensate him for the legal violations described above;

    B.    Award Olivas liquidated damages;

    C.    Award Olivas attorney's fees pursuant to 29 U.S.C. § 216 and related expenses; and

    D.    Award Olivas such other legal and equitable relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 25th day of June, 2016.

RANDALL LAW PLLC

By /s/ Samuel R. Randall
    Samuel R. Randall
    Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Ramon Olivas hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 25th day of June, 2016.

                                      RANDALL LAW PLLC

                                      By /s/ Samuel R. Randall
                                           Samuel R. Randall
                                           Attorney for Plaintiff